UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LABORERS PENSION TRUST FUND,
et al.,

        Plaintiff,                Case No.  04-74514

v.                              District Judge John Feikens
                                       Magistrate Judge R. Steven Whalen

INTERIOR EXTERIOR SPECIALISTS
CONSTRUCTION GROUP, INC.,

        Defendant.

_____/


**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is *Plaintiffs/Counter Defendants' Motion to Strike Counterclaim and Third-Party Complaint* [Docket #11], filed January 17, 2005.[1]  The matter has been referred for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, I recommend that Plaintiffs' Motion as it pertains to the request to strike the Third-Party Complaint be GRANTED, but DENIED as to Plaintiffs' request to strike Defendants' Counterclaim [Docket #6].

_____

[1]On March 11, 2005, the District Court ordered all outstanding motions held in abeyance pending the results of an audit [Docket #40].  On September 28, 2005, the District Court referred pre-trial matters to this Court [Docket #54].

# I.  BACKGROUND

Plaintiffs have brought this action to recover fringe benefit contributions.  Plaintiffs claim that Defendants violated their obligations under a collective bargaining agreement by failing to pay contributions to Plaintiffs for work performed by employees represented by Laborers International Union.  Defendants allege in their Counterclaim and Third-Party Complaint, filed on January 4, 2005 [Docket #6], that Plaintiffs and proposed Third-Party Defendants, the Local 334 of the Laborers International Union of North America, AFL-CIO ("Local 334") made "disparaging comments and representation to third parties concerning [Defendants]." *Docket #6* at ¶17.  Defendants assert breach of contract, defamation, tortious interference, and discrimination claims against Plaintiffs and Local 334, alleging that Local 334 breached duties owed to Defendants by failing to refund overpayments they made to the fringe benefit fund.  On January 17, 2005, Plaintiffs filed the present Motion  to Strike Defendants' Counterclaim and Third-Party Complaint.

# II.  DISCUSSION

## A.  Third Party Complaint

Citing Section 515 to ERISA, 29 U.S.C. §1145, Plaintiffs argue that Defendants' Motion to add Local 334 as a Third-Party Defendant would be contrary to Congress's intent to insulate fringe benefit funds from involvement in any labor-management disputes pertaining to efforts to collect payments.  Plaintiffs further note that allowing the breach of contract and tort claims against Local 334 as a Third-Party Defendant to proceed would

convert the present action into a "lengthy, costly, and complex litigation concerning claims and defenses unrelated to employer's promise and the plan's entitlement to the contributions" sought to be avoided by Section 515. 126 *Cong. Rec*. 23287 (Congressman Thompson).

Fed. R. Civ. P. 14(a) states when a defendant may bring a third party into an action:

> "At any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all of part of the plaintiff's claim against the third-party plaintiff."

Rule 14(a) "is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." *Alpha Co-op. Enterprises, Inc. v. Frognet DSL, LLC* 2005 WL 1629775, *3 (S.D.Ohio 2005)(internal citations omitted); *citing to* 6 Federal Practice & Procedure, Civil 2d § 1441 at 295 (1990).  Further, under Rule 14(a), "an original defendant may file a complaint against a person not a party to the action who is or may be liable to it for all or part of the plaintiff's claim. However, such third-party practice, or impleader, is permitted only where the defendant can show that if it is found liable to the plaintiff, then the third party will be liable to the defendant." *Independent Liberty Life Ins. Co. v. Fiduciary and General Corp*. 91 F.R.D. 535, 537 (E.D. Mich. 1981); *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967).  The Ninth Circuit held in *United States v. One 1977 Mercedes Benz*, 708 F .2d 444, 452 (9th Cir. 1983) that under Rule 14(a), "[i]t is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."

Plaintiffs' action, which is based on the premise that Defendants have not properly paid their entire fringe benefit obligations, is only tangentially related to the Third-Party breach of contract claim and almost completely unrelated to Defendants' tort claims against Local 334. Defendants' allegation, found at ¶24 of its Third-Party Complaint, that Local 334 "breached [its] duties owed to IES under the agreement by not refunding overpayments to IES," is peripheral to the underlying claim and outside the scope foreseen by Congress in enacting Section 515 of ERISA, 29 U.S.C. §1145, which permits multi-employer plans to recover under the terms of a CBA "without regard to issues which might arise under labor-management relations law." *Bakery and Confectionery Union and Indus. Int'l Health Benefits and Pension Funds v. New Bakery Co. Of Ohio*, 133 F .3d 955, 959 (6th Cir. 1998). Moreover the Sixth Circuit stated that "[a] fund . . . stands much like a holder in due course in commercial law who is entitled to enforce the writing without regard to understandings or defenses applicable to the original parties." *Id.* at 959 (internal citations omitted). Similarly, present Plaintiffs argue convincingly that adding Third-Party claims "unrelated to the employer's promise and the plan's entitlement to the contributions" would unnecessarily complicate and lengthen the present litigation.[2]

_____

[2] Defendants note that Plaintiff's Motion fails to cite case law which "would support the notion that an employer may not assert a counterclaim or third-party claim in an action involving a pension or benefit fund." *Response* at 6. However, the issue of whether to strike the Third-Party claim does not turn on whether such an action is generally permissible, but whether the claims are sufficiently related to the plan's entitlement to contributions. Further, Defendants' argument at the June 19, 2006 that Local 334 should be added simply in acknowledgment of its Third-Party Beneficiary status fails for the same reasons discussed in by the Sixth Circuit *Bakery and*

To an even greater extent, pursuant to Rule 14(a), Defendants' claims of defamation, tortious interference, and discrimination stand unaccompanied by an explanation of how these claims place derivative liability for Plaintiffs' primary action on Local 344.   Most tellingly, although Defendants argue that adding Local 344 would promote judicial economy and avoid duplication, these claims, along with the breach of contract count, are so unrelated to the primary action that judicial economy would be better served by bringing these claims in a different action on their own merits.  Plaintiffs' request to strike Defendants' Third-Party Claim should be granted.

## B.  Defendants' Counterclaim

In contrast, I reject Plaintiffs' argument that if the Third-Party Complaint is improper, that the Court must also strike Defendants' Counterclaim.  The Federal Rules of Civil Procedure do not prohibit a defendant from pleading a counterclaim along with impleading a third-party defendant. Fed. R. Civ. P. 13, 14.  In addition, Plaintiffs have received proper notice of the counterclaims against them, and have not been prejudiced even if the Counterclaims and Third-Party Complaint were improperly submitted in tandem. Therefore, Plaintiff's request to strike the counterclaim should be denied.

## III.  CONCLUSION

For the reasons set forth above, I recommend that Plaintiffs' Motion as it pertains to

---

*Confectionery Union, supra,* at 959.

the request to strike the Third Party Complaint be GRANTED, but DENIED as to Plaintiffs' request to strike Defendants' Counterclaim [Docket #6].

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

-6-

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 5, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 5, 2006.

S/Gina Wilson
Case Manager